**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10232 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-00119-SI-2 |
| v. | |
| VICTOR FLORES, AKA Little Creeper, | MEMORANDUM[*] |
| Defendant-Appellant. | |
| UNITED STATES OF AMERICA, | No. 15-10237 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-00119-SI-7 |
| v. | |
| ARMANDO ACOSTA, | |
| Defendant-Appellant. | |
| UNITED STATES OF AMERICA, | No. 15-10240 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-00119-SI-4 |
| v. | |
| BENJAMIN CAMPOS-GONZALEZ, AKA BG, | |
| Defendant-Appellant. | |

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted December 4, 2017
San Francisco, California

Before: TALLMAN** and HURWITZ, Circuit Judges, and KEELEY,*** District Judge.

Victor Flores, Armando Acosta, and Benjamin Campos-Gonzalez appeal their convictions arising out of their participation in a Racketeer Influenced and Corrupt Organizations ("RICO") enterprise known as the 500 Block/C Street Gang. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      The district court properly found that probable cause supported the issuance of wiretap orders in May 2011 by the San Mateo County Superior Court seeking information related to December 2010 shootings that were suspected to have been perpetrated by members of the RICO enterprise. When the wiretap orders issued, there remained a "fair probability" that law enforcement would intercept communications relevant to the predicate shootings. *See Dawson v. City*

---

**      This case was submitted to a panel that included Judge Kozinski, who recently retired. Following Judge Kozinski's retirement, Judge Tallman was drawn by lot to replace him. Ninth Circuit General Order 3.2.h. Judge Tallman has read the briefs, reviewed the record, and listened to oral argument.

***      The Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia, sitting by designation.

2

*of Seattle*, 435 F.3d 1054, 1062 (9th Cir. 2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Because of the ongoing nature of the criminal enterprise, there was "sufficient basis to believe" that members and associates of the enterprise would discuss the shootings. *United States v. Lacy*, 119 F.3d 742, 746 (9th Cir. 1997) (citation and quotation omitted). Moreover, one of the principal suspects in the shootings had fled to Mexico where he remained a fugitive. He had been contacted by his parents from target telephones during January and February 2011, and had used a target telephone to discuss one of the shootings as late as March 2011.

2.     The district court did not err when, in response to a question during deliberations, it instructed the jury that, under 18 U.S.C. § 1962(d), the defendants could "knowingly and intentionally join or become a member of a conspiracy without being a member of the enterprise." "[A] defendant may be held liable for conspiracy to violate section 1962(c) if he knowingly agrees to facilitate a scheme which includes the operation or management of a RICO enterprise." *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004) (quoting *Smith v. Berg*, 247 F.3d 532, 538 (3d Cir. 2001)); *see also Boyle v. United States*, 556 U.S. 938, 949–50 (2009).

The district court's answer to the jury question did not constructively amend the indictment. Whether the defendants were found by the jury to be classified as

"members" or only mere "associates" of the RICO enterprise, the district court did not allow them "to be convicted on the basis of *different behavior* than that alleged in the original indictment." *United States v. Garcia-Paz*, 282 F.3d 1212, 1216 (9th Cir. 2002) (alteration in original). Likewise, the district court's instruction did not create a prejudicial variance from the crimes charged in the indictment, as the indictment charged the same means and methods of the conspiracy for both members and associates. Moreover, the district court properly directed the jury to base its decision on the indictment and jury instructions. At all times, the defendants were aware of "what [they were] accused of doing in violation of the criminal law," and thus could "prepare [their] defense." *United States v. Adamson*, 291 F.3d 606, 616 (9th Cir. 2002) (citation omitted).

3.      The district court did not abuse its discretion by declining to instruct the jury that it must find as a basis for conviction that the 500 Block/C Street Gang ascribed allegiance to the prison gang *Nuestra Familia*. The indictment defined the RICO enterprise narrowly as the 500 Block/C Street Gang. The district court also properly declined to apply the doctrine of judicial estoppel; the Government consistently argued only that information concerning *Nuestra Familia* provided necessary background regarding characteristics of the RICO enterprise. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782–86 (9th Cir. 2001) ("Judicial estoppel is an equitable doctrine that precludes a party from gaining an

advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position.").

4.     The district court properly admitted the testimony of California Highway Patrol Officer Roy Ferriera, who transported Flores after he shot three law enforcement officers during a raid. The Government asked Officer Ferriera whether he "believed" Flores had referenced a prior shooting, and whether he was "aware" that the suspect had killed four law enforcement officers. These statements were not out of court statements of a non-party, and in any event were offered to prove Flores's state of mind, not the truth of the matter asserted. *See* Fed. R. Evid. 801(c)(2). For the same reason, the statements were not testimonial hearsay admitted in violation of the Confrontation Clause. *Crawford v. Washington*, 541 U.S. 36, 51 (2004).

5.     Sufficient evidence supported Acosta's convictions for conspiring to obstruct justice, in violation of 18 U.S.C. § 371, and obstruction of justice, in violation of 18 U.S.C. § 1512(c)(2). The indictment alleged that Acosta obstructed, influenced, and impeded an "official proceeding," the federal grand jury investigation into one of the December 2010 shootings. An "official proceeding" includes federal grand juries. 18 U.S.C. § 1515(a)(1)(A). Contrary to Acosta's assertions, a defendant need not be aware that the obstructed proceeding is federal in nature, nor must the proceeding be "pending or about to be instituted" at the

5

time of the obstructive conduct. 18 U.S.C. § 1512(f)(1), (g)(1). It is sufficient that a reasonable jury could conclude that the natural and probable effect of Acosta's obstructive conduct included interference with a federal grand jury. *See Arthur Andersen, LLP v. United States*, 544 U.S. 696, 707–08 (2005); *United States v. Aguilar*, 515 U.S. 593, 599 (1995).

6.      The district court did not plainly err when it instructed the jury about the elements of conspiracy to obstruct justice and obstruction of justice. The instructions required the jury to find a nexus between Acosta's obstructive conduct and the official proceeding by stating that "it is sufficient if the obstruction of the official proceeding was a natural and probable effect of the defendant's obstructive conduct." Although the instructions did not state that an official proceeding excludes state proceedings, the evidence at trial focused on the federal grand jury, and the instructions explained that an official proceeding "includes proceedings before a federal grand jury." In addition, the instruction regarding conspiracy to obstruct justice was closely followed by the substantive definition of obstruction of justice, including its elements. Viewing the instructions as a whole, the jury would not have been misled. *See United States v. Moore*, 109 F.3d 1456, 1465 (9th Cir. 1997).

**AFFIRMED.**